UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
(electronically filed)

UNITED STATES OF AMERICA                                                         PLAINTIFF

VS.                                                          Criminal Action No. 3:17-cr-119-RGJ

JIHAD HAQQ                                                                        DEFENDANT

**DEFENDANT'S SUPPLEMENT TO HIS
REQUEST FOR PRE-TRIAL RELEASE**

Comes the defendant, Jihad Haqq, through counsel, and asks the Court to accept this Supplement to his Response to the United States' Motion to Continue. In his Response, Mr. Haqq requested that, given the necessary medical delay of his trial requested by the United States, he be released on home incarceration pending trial. Mr. Haqq now offers this legal memorandum in support of his request. Given the unanticipated trial delay, Mr. Haqq requests a review of the detention Order pursuant to 18 U.S.C. § 3145(b). In support of his request for release Mr. Haqq states the following:

Mr. Haqq has been in custody in this matter since September 11, 2017. Given that the length of pre-trial detention in this case has increased due to a need on the part of the prosecution, the detention decision should be reviewed with a different weighing of the factors determining that detention decision. *See, United States v. Briggs*, 697 F.3d 98, 101 (2nd Cir.2012) ("The longer the detention, and the larger the prosecution's part in prolonging it, the stronger the evidence justifying detention must be if it is to be deemed sufficient to justify the detention's continuance"); and, *United States v. Gallo*, 653 F.Supp. 320, 343 (E.D.N.Y.1986) ("Lengthy pretrial detention can be justified only when countervailing interests are

extraordinarily weighty and compelling, and when there is no alternative to detention that will vindicate those interests in a less restrictive manner).

## PRETRIAL DETENTION IS RARELY APPROPRIATE

18 U.S.C. § 3142 governs the procedure that must be followed at a bail/detention hearing. The government must establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or by a preponderance of the evidence that no condition or combination of conditions can reasonably assure the defendant's appearance at trial. See, *United States v. Mercedes*, 254 F.3d 433, 436 (2nd Cir. 2001) (holding that "[e]ven in a presumption case, the government retains the ultimate burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community") (citation omitted); accord, *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); see also, *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986) (holding that preponderance-of-the-evidence standard applied in determining whether there was risk of flight warranting pretrial detention).

The clear and convincing evidence requirement imposes a "heavy burden" on the government. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). If that burden is not met, the Court must set reasonable bail. As the Supreme Court noted, "In our society liberty is the norm, and detention prior to trial or without trial is the *carefully limited exception*." *United States v. Salerno*, 481 U.S. 739, 755 (1987) (emphasis added). "The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention." *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). Release conditions available include curfews, travel restrictions, reporting requirements, the use of electronic monitoring systems and third-party custody. See, 18 U.S.C. § 3142(c); *United States v. Traitz*,

807 F.2d 322, 325 (3rd Cir. 1986); *United States v. Ojeda Rios*, 846 F.2d 167, 169 (2nd Cir. 1988).

The statutory scheme continues to favor release over pretrial detention, providing the judicial officer with alternatives to structure an appropriate pretrial release. *"Doubts regarding the propriety of release should be resolved in favor of the defendant." Motamedi*, supra, 767 F.2d at 1405 (citation omitted) (emphasis added). See also, *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (The presumption shifts the burden of production but not the burden of persuasion to the defendant).

The appropriate procedure in detention hearings requires that the Court follow the logical progression from release on personal recognizance to conditional release before the Court can even consider detention. *Orta*, supra, 760 F.2d at 890-91; *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985) (en banc). The Court must also specifically consider the factors enumerated in 18 U.S.C. § 3142(g) before it can order detention. *United States v. Jackson*, 845 F.2d 1262, 1265-66 (5th Cir. 1988).

## CONCLUSION

If not carefully circumscribed, preventive detention has the potential to seriously undermine the presumption of innocence. *Salerno*, supra, 481 U.S. at 763, 107 S.Ct. at 2110 (Marshal, J., dissenting). That is why the legislative history emphasized that the act be applied only to a small and readily identifiable segment of pretrial criminal defendants. For as Chief Justice Vincent in *Stack v. Boyle*, 342 U.S. 1, 4 (1951), noted, "Unless the right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggling, would lose its meaning."

WHEREFORE, Mr. Haqq respectfully requests this Court to revoke the order of detention issued against him, properly reweigh the factors to be considered as listed in 18 § U.S.C 3142(g) in light of the United States' request for a continuance, and release him from custody with appropriate conditions pending trial, or grant him a renewed detention hearing in which he can offer further proof of the propriety of his release on home confinement with conditions that will assure that he will not flee and does not present a danger to others or the community.

**Respectfully submitted**,

/s/ *Rob Eggert*
**ROB EGGERT**
600 West Main Street
Suite 200
Louisville, Kentucky 40202
(502) 549-5700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2019, the foregoing pleading was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all of the attorneys of record.

**/s/** Rob Eggert
**Rob Eggert**