## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                              Criminal Action No. 3:17-cr-119-RGJ-HBB

JIHAD HAQQ                                                  DEFENDANT

## MOTION TO INTERVENE AND OBJECTION/MOTION IN OPPOSITION TO THE UNITED STATES' MOTION TO DESTROY AND/OR DISPOSE OF EVIDENCE BY NASHAYLA JONES AND NASCYAUNI JONES

*****

Come now Nashayla Jones and Nascyauni Jones, by counsel, and pursuant to Joint Criminal Local Rule 49.1, for their Motion to Intervene and their Objection/Motion in Opposition to the United States' March 24, 2021, Motion to Destroy and/or Dispose of Evidence (DN 111).  In support, the following is stated:

1.  Intervenors, Nashayla and Nascyauni Jones, are the Plaintiffs in a civil lawsuit under 42 U.S.C § 1983 that is currently in the discovery phase, in the United States District Court for the Western District of Kentucky – before this Honorable Court, as it happens –  *Nashayla Jones and Nascyauni Jones v. Louisville/Jefferson County Metro Government, et al.,* 3:18-cv-265-RGJ-CHL.

2.  The Joneses' lawsuit arises from the actions of the Louisville/Jefferson County Metro Government and numerous individual Louisville Metro Police Officers named as Defendants in their civil suit, who participated in the search and seizure at their home on April 27, 2017, located at 6725 Strawberry Lane, Louisville, Kentucky 40214.

3. The Joneses resided and were physically present in the same house as Jihad Haqq, the Defendant in the instant criminal action, 3:17-CR-119-RGJ-HBB, at the time when the search and seizure were executed. The items that law enforcement seized from the house are relevant and discoverable evidence in the civil lawsuit.

4. For instance, the Plaintiffs believe that the home surveillance hard drive/video recorder (DVR) that was seized contains footage of the police officers' actions during the execution of the search. This footage is critically relevant to the factual allegations in the civil suit related to the Plaintiffs' claims that the Defendants violated their constitutionally protected rights under the Fourth Amendment.

5. In its Opinion and Order of August 31, 2020 in the civil case, this Honorable Court held that the Joneses' *Monell* claim that Louisville Metro has a custom of its officers not wearing or failing to activate their body cameras "is bolstered by the pleaded fact, which this Court must accept as true, that officers confiscated and destroyed Plaintiffs' surveillance footage of the raid in question." (DN 77, 3:18-cv-265-RGJ-CHL).

6. The Motion to Destroy and/or Dispose of Evidence (DN 111), in the instant criminal proceeding, asks this very same Court for a judicial order authorizing the destruction of that home surveillance DVR – which appears to be identified in the United States' Motion and Proposed Order as "One Bunker Hill Security 4CH digital video recorder with power cord". (DN 111-1).

7. The United States acknowledges in its motion that the home surveillance DVR, along with other seized items identified by law enforcement in the return

warrant, are currently in the custody and control of the Drug Enforcement
Administration.

8. This evidence is discoverable in the Joneses' civil lawsuit and must be preserved.
Its destruction or disposal would deliver a crippling injustice to the Joneses and
severely diminish the discovery process in their civil suit. The Joneses have
issued a subpoena *duces tecum* from this Court on the Louisville Office of the
DEA in their civil lawsuit (DN 91-1, 3:18-cv-265-RGJ-CHL), in order to obtain
access to those items and preserve their integrity.

9. The Joneses are not aware of a formal mechanism in the Federal Rules of
Criminal Procedure or United States Code for third parties to "intervene" in
criminal proceedings, with the exception a 30-day window following publication
of a forfeiture order[1], which does not apply here; however, this Court has the
common law and inherent, equitable authority to grant such relief in any
proceeding that is necessary to "guarantee the integrity of the court and its
proceedings".[2]

10. Given the unique entanglement of the criminal proceeding against Mr. Haqq and
the Joneses' civil suit, the destruction of forfeited property in the criminal
proceeding will result in the spoliation of evidence in the civil proceeding.
Because of these exceptional circumstances, the destruction of the criminally
forfeited property will cause irreparable harm prejudicing the Joneses' right to

---

[1] See 21 U.S.C. § 853(n)

[2] The U.S. District Court of the Western District of Kentucky has held that "It has long been understood
that certain implied powers must necessarily result to our Courts of justice from the nature of their
institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise
of all others," and the inherent power of a federal district court "derives from its equitable power to
control the litigants before it and to guarantee the integrity of the court and its proceedings." *Greene v.
Independent Pilot's Association*, 2018 U.S. Dist. LEXIS 28589, 18-19 (W.D. Ky. 2018) (cleaned up) (quoting
*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

conduct discovery in their civil suit. Therefore, they respectfully ask the Court to grant their Motion to Intervene, and to deny the United States' Motion to Destroy and/or Dispose of Evidence, in the interest of justice and the integrity of this Court's proceedings.

**WHEREFORE**, Nashayla Jones and Nascyauni Jones, by counsel, respectfully move the Court to grant their Motion to Intervene, and to deny the United States' Motion to Destroy and/or Dispose of Evidence.

Date: March 26, 2021                    Respectfully submitted,

Christopher J. Hoerter
Hoerter Law PLLC
1009 South Fourth Street
Louisville, KY 40203-3226
T (502) 584-8583
F (502) 584-1826
cjr.hoerter@gmail.com
*Counsel for Intervenors,*
*Nashayla Jones and Nascyauni Jones*

4

## CERTIFICATE OF SERVICE

This hereby certifies that the foregoing Motion to Intervene and Objection was

filed via first class U.S. mail with the Office of the Clerk of the Western District of

Kentucky, on March 26, 2021, at the following address:

United States District Court Clerk
Western District of Kentucky
601 West Broadway
Room 106
Gene Snyder United States Courthouse
Louisville, KY 40202

This further certifies that copies of the foregoing were served via first class U.S.

mail on the parties and counsel of record, on March 26, 2021, at the following addresses:

Robert B. Bonar
Erin G. McKenzie
Amy M. Sullivan
U.S. Attorney Office - Louisville
717 W. Broadway
Louisville, KY 40202
T (502) 625-7062
F (502) 582-5067
*Counsel for Plaintiff*
*United States of America*

Rob Eggert
Tricia F. Lister
600 W. Main Street, Suite 200
Louisville, KY 40202
T 502-540-5700
F 502-568-3600

Justin R. Roberts
600 Superior Ave., Suite 1300
Cleveland, OH 44114
T (216) 417-2114

Jihad Haqq #09201-033
United States Penitentiary Marion
Inmate Mail/Parcels
P.O. Box 1000
Marion, IL 62959
*Pro se Defendant*

Christopher J. Hoerter

5