UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                               Plaintiff

v.                                                      Criminal Action No. 3:17-CR-119-RGJ

JIHAD HAQQ                                                            Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Jihad Haqq's ("Haqq's") *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [DE 100]. The United States responded [DE 107] and Haqq replied [DE 108]. The Magistrate Judge filed Findings of Fact and Conclusion of Law and Recommendation ("R&R"). [DE 116]. Haqq timely objected. [DE 119]. The matter is ripe. Having reviewed *de novo* the portions of the R&R to which Haqq objected, the Court **ADOPTS** the Magistrate Judge's Findings of Fact and Conclusions of Law [DE 116] and **OVERRULES** Haqq's objections [DE 119].

### I.     BACKGROUND[1]

On September 6, 2017, a federal grand jury returned a single count Indictment against Haqq. [DE 1]. It charged that on March 11, 2017, Haqq knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl in Jefferson County, Kentucky, and the death and serious bodily injury of P.S. resulted from use of such substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Id.*

Haqq, through counsel, subsequently moved to suppress all items seized as a result of the search warrant executed at 6725 Strawberry Lane in Jefferson County, Kentucky, on April 27,

---

[1] These facts, not objected to, are taken from the R&R.

1

2017. [DE 17]. Haqq argued the warrant affidavit failed to establish probable cause to believe that evidence of criminal activity would be found at his residence. *Id.* Following an evidentiary hearing, the Magistrate Judge recommended the motion be denied. [DE 32]. In an order filed on September 27, 2018, the Court overruled Haqq's objections to the report and recommendation, accepted it with modification, and denied Haqq's motion to suppress. [DE 34]

On March 20, 2019, a federal grand jury returned a two-count Superseding Indictment charging Haqq with two drug crimes. [DE 42]. Count 1 charged that from December 1, 2016 to April 27, 2017, in Jefferson County, Kentucky, Haqq knowingly and intentionally conspired with others to possess with the intent to distribute and distribute a mixture and substance containing a detectable amount of heroin and a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). *Id.* Count 2 charged that on March 11, 2017, Haqq knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl in Jefferson County, Kentucky, and the death and serious bodily injury of P.S. resulted from use of such substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Id.*

On August 5, 2019, Haqq executed a Fed. R. Crim. P. 11(c)(1)(A) and (C) plea agreement. [DE 54]. Pursuant to its terms, Haqq agreed to enter a guilty plea to Count 1 of the Superseding Indictment in exchange for the United States: (1) agreeing that a term of imprisonment of at least 97 months and no more than 121 months followed by three years supervised release is an appropriate penalty in this case; (2) moving for dismissal of Count 2 in the Superseding Indictment; and (3) demanding forfeiture of $19,162 in United States currency. *Id.* at ¶¶ 1-10. Additionally, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct, Haqq

agreed to waive his right to directly appeal his conviction and sentence, and to contest or collaterally attack his conviction and sentence under 28 U.S.C. § 2255 or otherwise. *Id.* at ¶ 12. Immediately above Haqq's signature on the final page of the Plea Agreement is the following attestation, "I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agreed to it." *Id.* at 182. Immediately above attorney Rob Eggert's signature on the final page of the Plea Agreement is the following attestation, "I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one." *Id.* at 183. The Court conducted the change of plea hearing on August 5, 2019. [DE 56; DE 92].

Notably, while under oath Haqq engaged in a colloquy with the Court regarding the Plea Agreement. [DE 92 at 541-42]. Haqq confirmed that he actually read it, had sufficient time to review and discuss it with counsel, and his signature is on the document. *Id.* Further, Haqq confirmed his understanding that under the waiver provision in Plea Agreement, he was giving up the right to directly appeal his conviction and resulting sentence and to collaterally attack the conviction and resulting sentence unless those attacks are based on claims of either prosecutorial misconduct or ineffective assistance of counsel. *Id.* at 543-44. The Court accepted Haqq's plea of guilty as to Count 1 of the Superseding Indictment after finding: Haqq competent to enter the plea; the plea to be knowing, voluntary, and with the advice of counsel; Haqq understood and waived his constitutional rights; Haqq understood he would not be allowed to withdraw his plea if it was accepted by the Court; and a factual basis for the plea had been established. [DE 56 at 185].

The Court conducted the sentencing hearing on December 6, 2019. [DE 78; DE 81; DE 96]. The Court sentenced Haqq to be imprisoned for a total term of 97 months as to Count 1 of

the Superseding Indictment and upon his release from imprisonment a term of three years supervised release. [DE 78 at 488-89].

Despite the waiver provision in the Plea Agreement, Haqq filed a notice of appeal. [DE 79]. In an order filed on July 28, 2020, the Sixth Circuit observed that the Plea Agreement waived his right to appeal on grounds other than ineffective assistance of counsel and prosecutorial misconduct. [DE 102 at 650]. It also noted that Haqq's counsel filed an appellate brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Id.* at 651. After reviewing the record, counsel opined that there were no meritorious grounds for appeal, but nevertheless raised the issue of whether Haqq's guilty plea was valid. *Id.* Despite the opportunity to do so, Haqq did not respond to counsel's filing. *Id.* The Sixth Circuit found counsel's motion to withdraw to be well-taken. *Id.* Further, the Sixth Circuit's independent review of the proceedings below led it to conclude that an appeal would be wholly frivolous. *Id.* Additionally, the Sixth Circuit determined that no viable challenge to the validity of Haqq's plea or appeal waiver existed because review of the guilty plea transcript revealed that Haqq knowingly and voluntarily entered into them. *Id.* at 651-52. The Sixth Circuit also noted that counsel properly concluded the record at present does not support claims of prosecutorial misconduct or ineffective assistance of counsel. *Id.* at 652. Finally, the Sixth Circuit observed that there were "no arguable issues regarding Haqq's sentence." *Id.* Accordingly, the Sixth Circuit affirmed the judgment. *Id.* at 653.

Meanwhile, on June 22, 2020, Haqq filed his *pro se* §2255 motion and memorandum that raises several claims. [DE 100]. Ground One alleges ineffective assistance of trial counsel arising out of several claimed incidents including: the failure to investigate and mount a reasonable defense; the failure to file a suppression motion on the basis of fraudulent or fabricated E-Warrants and affidavits; the failure to challenge inflated claims by the Louisville Metro Police Department

("LMPD") regarding how much money was seized from Haqq's home; and inaction to prosecutorial misconduct involving erroneous manipulation of improperly admitted evidence. [DE 100 at 599-601]. Ground Two claims that due to prosecutorial misconduct involving the use of illegitimate search warrants and other false evidence, the case should be dismissed for lack of subject matter jurisdiction. *Id.* at 602. Ground Three asserts due to prosecutorial misconduct involving the use of illegitimate search warrants, other false evidence, and concealment/spoliation of favorable evidence, a violation of the Fourteenth Amendment occurred. *Id.* at 603. Ground Four alleges the plea agreement process resulted in a violation of his Fifth Amendment right to be protected against self-incrimination because he was coerced into confess to the charge. *Id.* at 604.

## II.  STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b)(1), a district court may refer a motion to suppress to a magistrate judge to conduct an evidentiary hearing, if necessary, and submit proposed findings of fact and recommendations for the disposition of the motion. This Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991)). Likewise, an "objection . . . that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge." *Altyg v. Berryhill*, No. 16-11736, 2017 WL 4296604, at *1 (E.D. Mich. Sept. 28, 2017).

After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Id.* Moreover, the Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Rather, the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Id.* at 151.

## III. DISCUSSION

Haqq timely objected to the Magistrate Judge's R&R. [DE 119]. The Court will "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After such review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

**A. First Objection: "Reasons for Missing Elements in Appeal"**

Haqq first asserts:

In addressing why Movant did not attempt to include his complaints in his Direct Appeal, he was advised that he was unable to do so. Elaborating further; in the United States of America v. Myron L. Pryor, 19-CR-187-V; the United States stated that, "We typically decline to address ineffective-assistance-of-counsel claims on "direct appeal," however, unless the "existing record is adequate to assess properly the merits of the claim." United States v. Hynes, 467 F.3d 951, 969 (6th Cir. 2006) (quoting United States v. Franklin, 415 F.3d 537, 555·56 (6th Cir. 2005)). When an ineffective-assistance-of-counsel claim is raised on direct appeal, the Court and counsel "must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." Ferguson, 669 F.3d at 762 (quoting Massaro v. United States, 538 U.S. 500, 504·05 (2003)).

Pryor argued that like Movants [sic] case; his defense counsel failed to submit a properly briefed Motion to Suppress evidence, and further failed to file a reply, but due to a lack of evidence in the courts records, the court DISMISSED the appeal without prejudice to Pryors [sic] right to raise the claim in a proceeding pursuant to 28 U.S.C. § 2255. Their preferred method for raising Ineffective Assistence [sic] of

Counsel claims. Ferguson, 669 F.3d at 762 (citing Massaro, 538 U.S. at 504) Also pointing out, that, "Deferring ineffective-assistance-of counsel claims to Section 2255 proceedings allows the matter to be litigated first in the district court, "which is 'the forum best suited to developing the facts necessary to determining the adequacy of representation" Id. (quoting Massaro, 538 U.S. at 505·06),(File Name: 21a0180n.06, Case No. 19·3536, filed 4/8/21).

[DE 119 at 746-47].

The Court interprets this objection as a response to the United States' argument that Haqq procedurally defaulted his ineffective assistance of counsel claim by failing to raise it on direct appeal. [DE 107 at 668 ("Haqq did not preserve the claims he now raises in his direct proceedings and instead raises these issues for the first time on collateral review. Accordingly, these claims (in addition to being waived) are procedurally defaulted")]. But, the Magistrate Judge did not find that Haqq procedurally defaulted his ineffective assistance of counsel claim by failing to raise it on direct appeal. Rather, the Magistrate Judge found:

> Ground One asserts ineffective assistance of trial counsel claims which arise out of the alleged deprivation of constitutional rights that occurred prior to the entry of Haqq's guilty plea. Grounds Two and Three assert prosecutorial misconduct claims which arise out of the purported deprivation of constitutional rights that occurred prior to the entry of Haqq's guilty plea. Because Haqq solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he is barred from raising these independent claims relating to the alleged deprivation of constitutional rights that occurred prior to the entry of his guilty plea.

[DE 116 at 735 (internal citations omitted) (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Haqq cites *United States v. Pryor*, 842 F. App'x 1023, 1024 (6th Cir. 2021). In *Pryor*, the defendant raised an ineffective assistance claim on direct appeal. *Id.* The Sixth Circuit dismissed his appeal without prejudice because it found "the record insufficiently developed to support Pryor's claim of ineffective assistance of counsel." *Id.* The Sixth Circuit noted that ineffective assistance claims are more properly advanced through a § 2255 motion. *Id.* Unlike the defendant in *Pryor*, Haqq has attempted to advance his ineffective assistance claim through his §2255

7

motion. Unfortunately for Haqq, the Court, like the Magistrate Judge, is bound by *Tollett* and agrees with the Magistrate Judge that Haqq is "barred from raising these independent claims relating to the alleged deprivation of constitutional rights that occurred prior to the entry of his guilty plea." [DE 116 at 735]. As a result, the Court overrules Haqq's first objection.

### B. Second Objection: "Movants [sic] Counsel Could Have Prevented the Outcome of the Courts [sic] Decision"

Haqq next argues:

At Movants [sic] Suppression Hearing, the United States was first ordered to respond about the significantly different copies of the search warrants, presented to Judge Whalin by the Defendants [sic] counsel of the civil suit regarding this case early on in the court proceeding. Mr. Eggert and Judge Whalin agreed that the copies were very different but Mr. Eggert never argued that he did not have access to any documents concerning Movant until approximately 90 days after initial arrest and had he presented to the court, the initial citation, Case #17F5067 that was malaciously [sic] moved to Archives and dated for 2 years earlier immediately after Movant was booked at Jefferson County Detention Center, there could have not legally proceeded to a Circuit then Federal case. This negligence was a great henderance [sic] for Movants [sic] case, entangeling [sic] him into a web of corruption by LMPD. LMPD has a history of fabricating search warrants enable [sic] to convict citizens of drug crimes. RICHARDSON V. LOUISVILLE JEFFERSON COUNTY METRO GOVERNMENT in which among allegations was 450 counts of falsifying search warrant affidavits, forging signatures on search warrants, and tampering with drug evidence. Movant repeatedely [sic] expressed this case to his counsel with good reason to no avail.

January 2, 2018 the United States replied to Movants [sic] Motion to Suppress and boldly included one of three-four copies of the fraudulant [sic] Search Warrant and Affidavit that Mr. Eggert did not posess [sic] until three months after Movants unlawful incarceration (#18, Att 2 Exhibit) not once did he argue that there was clearly no indiction [sic] on the face of the search warrrant [sic] presented to the court that these documents were clearly not filed with the clerk of courts, as a matter of fact, none of the Rules for filing these documents were applied to the Rules stated in the Federal Rules Of Criminal Proceedings Rule 41. ( Search and Seizure). This is relevant because his observation would have alerted the Judge to carefully examine the documents that did not take a trained eye to see and the outcome of the decisions made in Movants [sic] court proceedings could have been dramatically different. Movant has emails to Mr. Eggert also asking him to look at many other fabricated documents throughout his case history that family members sent to him as well as written letters to him expressing his concerns and disappointments [sic].

[DE 119 at 747-48].

The Court construes this as an argument that Mr. Eggert provided ineffective assistance of counsel to Haqq before he entered his guilty plea. This objection does not directly respond to the Magistrate Judge's findings in the R&R. Indeed, the Magistrate Judge found that Haqq is barred from advancing an ineffective assistance of counsel claim based on Mr. Eggert's alleged conduct *before* Haqq pled. [DE 116 at 735]. Yet, Haqq does not object to this finding.[2] Nor does he attempt to distinguish *Tollett* or cite countervailing law in support of his position. Rather, he recycles arguments from his motion to vacate about the alleged import of perceived discrepancies between copies of the search warrant in his case. *Tollett*, 411 U.S. at 267 (1973) ("[J]ust as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings") (internal citation omitted). Haqq's general objection and recycling of arguments already made in his motion to vacate is insufficient to qualify as an objection. *See Altyg*, 2017 WL 4296604 at *1. As such, the Court will not conduct a *de novo* review of the Magistrate Judge's report with regard to Haqq's second objection. *See Ells v. Colvin*, No. 3:16-CV-00604-TBR, 2018 WL 1513674, at *2 (W.D. Ky. Mar. 27, 2018); *Robinson v. United States*, No. CIV. 08-11452, 2009 WL 1211317, at *2 (E.D. Mich. Apr. 30, 2009) (overruling objection because it was "merely a restatement of one of the grounds of his underlying § 2255 petition, without any effort to identify any infirmity

---

[2] The Magistrate Judge also found that "Haqq is instead limited to attacking the voluntariness of his guilty plea by showing the advice he received from trial counsel was not objectively reasonable . . . Haqq is barred from raising the ineffective assistance of trial counsel claims in Ground One and the prosecutorial misconduct claims in Grounds Two and Three, because they do not attack the voluntary and intelligent character of his guilty plea." [DE 116 at 735-36]. Haqq did not object to this finding either.

9

in the Magistrate Judge's analysis of this issue"); *also Davis v. Jordan*, No. CV 16-114-DLB-CJS, 2020 WL 534524, at *5 (E.D. Ky. Feb. 3, 2020) ("[I]t appears as though the arguments presented about these witnesses in his objection reiterates arguments from his initial Petition and Reply in Support of his Petition. Again, as the arguments in support of the objection were previously before Judge Smith and are conclusory, they must be overruled as improper")

### C. Third Objection: "A Constructive Look Into Why Disclosing Relevant Evidence Matters"

Finally, Haqq appears to argue that Mr. Eggert violated his due process rights and provided ineffective assistance of counsel while Haqq's case was pending in state court:

> In Gumm v. Mitchell, 775 F .. [sic] 3d 345 (6th Cir. 2014), Darryl Gumm and his codefendant Michael Bies sentences were vacated under Atkins v. Virginia. A district court granted relief on four of Gumm's claims in federal habeas and the Sixth Circuit affirmed in December, 2014. One of the two claims stated about prosecutorial misconduct was that the government failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 82 (1963). Considering the irrefutible [sic] Circuit "Court Recorded" evidence that the UNITED STATES failed to disclose, the potential for that evidence to have affected the outcome of Movants trial is "inescapable" Movants counsel, Mr. Eggert blatantly disregarded his clients [sic] right to due process.
>
> The Sixth Circuit upheld the district court's ruling, saying "This is such a case in which extreme malfunctions in the state criminal justice system prejudiced Petitioner and caused him to suffer extreme violations of his constitutional rights." Calling the prosecutor's misconduct "flagrant" and "severe," therefore the court vacated Gumm's conviction; Bies also had his conviction overturned because the state withheld material evidence in the case. Focusing on this aspect of the Gumm case, Movant contends that he is entitled to relief due to his deprivation of access to a hearing; permitted by a judge in a state court regarding him; in which his Counsel did not adhere to; that was held "before" his Suppression Hearing; Although, when a judge knows that he or she lacks jurisdiction, or acts in the face of clear and valid statutes, he/she is seemingly depriving jurisdiction and judicial immunity is lost. Rankin v. Howard, (1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326. At some point, Movant feels "respectfully" that the morality of the court should overshadow the rules and regulations of strict court filings and step in to address situations like this.
>
> With all due respect, Mr. Eggert had a legal as well as a moral responsibility to inform Movant of this court proceeding as well as all other parties involved;

10

> including the United States as well as the Judge. Acting outside of the jurisdiction and enforcing these actions was called "lawless violence" in Ableman v. Booth, 21 Howard 506 (1859) and violated Movants Fifth and Fourteenth Amendment. Pulliam v. Allen, 466 U.S. 522 (1983). Mr. Eggert failed to represent his client allowing the United States continual calumniation which resulted in Movant being forced to be a "compliance victiim [sic]."
>
> In a Constitutional Republic, no one is above the law nor immune from being held accountable for wrong doing; since government employees, are subservient to the People. Movant was placed on a court docket to appear before Judge Judith McDonald Burkman and Mr. Eggert did not notify his client of that court hearing, resulting in Mrs. NaShayla Haqq unknowingly appearing on "Movants [sic] behalf" with her counsel. Mrs. Haqq attempted to explain again to Mr. Eggert as she was entering the courts [sic] chambers in which he brushed it off and exited the courthouse knowing his client was named on the docket that day. This displays how Mr. Eggerts [sic] was to a fault, ineffective; being extremely dismissive and negligent towards Movants [sic] complaints whenever he would attempt to explain the true nature of the situation to him.

[DE 119 at 749-50].

These arguments, like many of the others discussed above, simply rehash arguments[3] made in his initial motion. In the absence of a specific objection to a finding in the R&R, the Court declines to reconsider Haqq's arguments as they were sufficiently addressed in the R&R. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object") (internal citations omitted). As such, the Court will also not conduct a *de novo* review of the Magistrate Judge's report with regard to Mr. Haqq's third objection.

### IV.    CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)    The **Report** and **Recommendation** of the United States Magistrate Judge, [DE 116], is **ACCEPTED** as the findings of fact and conclusions of law of this Court.

---

[3] Indeed, some of Haqq's arguments (*e.g.*, that Mr. Eggert provided ineffective assistance of counsel to Haqq because of how he treated Haqq's wife before an appearance in state court) appear to have been raised for the first time only *after* the Magistrate Judge issued his R&R.

(2) Defendant's Objections, [DE 119], are **OVERRULED** as set forth herein.

(3) Defendant's Motion to Vacate, [DE 100], is **DENIED**.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

June 24, 2021

Copies to: Counsel and Defendant-Pro Se