UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                    Plaintiff

v.                                                                     Criminal Action No. 3:17-CR-119-RGJ

JIHAD HAQQ                                                                                  Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Jihad Haqq's ("Haqq's") moves *pro se* to open the Judgment under Federal Rule of Civil Procedure ("Rule") 59 (a)(2) and (e). [DE 121]. This matter is ripe. For the reasons below, the Court **DENIES** Haqq's Motion. [DE 121].

I.      **BACKGROUND**

The background of this matter was set forth in the Court's previous order [DE 120] and is incorporated by reference. On September 6, 2017, a federal grand jury indicted Haqq alleging that on March 11, 2017, he knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl in Jefferson County, Kentucky, and the death and serious bodily injury of P.S. resulted, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). [DE 1].

On March 20, 2019, a federal grand jury returned a two-count Superseding Indictment. [DE 42]. Count 1 added a charge against Haqq that from December 1, 2016 to April 27, 2017, in Jefferson County, Kentucky, Haqq knowingly and intentionally conspired with others to possess with the intent to distribute and distribute a mixture and substance containing a detectable amount of heroin and a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). *Id.* Count 2 was identical to the original Indictment. *Id.*

1

On August 5, 2019, Haqq executed a Fed. R. Crim. P. 11(c)(1)(A) and (C) plea agreement. [DE 54]. Pursuant to its terms, Haqq agreed to enter a guilty plea to Count 1 of the Superseding Indictment in exchange for the United States: (1) agreeing that a term of imprisonment of at least 97 months and no more than 121 months followed by three years supervised release is an appropriate penalty in this case; (2) moving to dismiss Count 2 in the Superseding Indictment; and (3) demanding forfeiture of $19,162 in United States currency. *Id.* ¶¶ 1-10.

On June 22, 2020, Haqq filed a *pro se* §2255 motion and memorandum that raised claims on several grounds, including ineffective assistance of trial counsel, prosecutorial misconduct, and a violation of his right against self-incrimination. [DE 100]. The Magistrate Judge filed Findings of Fact and Conclusion of Law and Recommendation ("R&R") [DE 116], to which Haqq objected [DE 119]. This Court adopted the R&R and overruled Haqq's objections. [DE 120].

Haqq has now filed a *pro se* motion to Open the Judgment under Federal Rule of Civil Procedure ("Rule") 59 (a)(2) and (e). [DE 121]. He argues that the court committed clear error in failing to consider his objections, thereby committing manifest injustice. [DE 121 at 779-82].

## II.   DISCUSSION

Haqq argues that the court committed clear error by not considering his objections, specifically under a de novo standard. [DE 121 at 779-80]. He also argues that the Court's previous order is manifestly unjust because:

> The district court applied the wrong standard when it adopted the magistrate's R&R over Movant's objections, without discovering that Movant's objections were actually addressed to the Government's Response to the §2255 motion, and the Magistrate's R&R wasn't addressed at all, in the objections OR the District Court's Opinion & Order (Doc. 120).
>
> The proceedings took a turn down a rabbit hole, after the Government's Response, and everyone followed, except the Magistrate judge. And since the district judge only addressed Movant's Objections to the Government's Response, the Magistrate's R&R was never actually addressed.

2

> The district court did NOT consider the magistrate's R&R, or any objections Movant may have had concerning it, and it is this type of failure which runs afoul of the statutory requirement that the district court address the magistrate R&R.

[*Id.* at 780-82]. Haqq requests that "the judgment in this case be reopened and Movant be given a proper opportunity to object to the R&R, rather than the government's response." [*Id.* at 782].

### A.      Jurisdiction

As a preliminary matter, Rule 59(a)(2) motion is a request for new trial.[1] There was no trial, so Rule 59(a)(2) is inapplicable. *See also Cosby v. Claiborne Cty. Bd. of Educ.*, No. 3:17-CV-278, 2018 WL 6172520, at *2 (E.D. Tenn. Nov. 26, 2018) ("As the instant action never went to trial, Rule 59(a)(2), which is a request for a new trial, is inapplicable.")

The Court instead analyzes Haqq's motion under Rule 59(e). The Court *sua sponte* considers whether it has jurisdiction to consider Haqq's motion. *See, e.g.*, *Browder v. Director, Ill. Dept. of Corr.*, 434 U.S. 257, 263, n. 7 (noting that the District Court lost jurisdiction to grant relief under Rule 59 when a motion was untimely). Under Rule 59(e), parties have twenty-eight days to move to alter or amend a judgment.[2] The district court may not enlarge or extend the twenty-eight-day time limit for any party seeking relief under Rule 59(e). *See* Fed. R. Civ. P. 6(b) and *Cook v. United States*, 246 F. App'x 990, 995 (6th Cir. 2007).[3] Rule 59(e) applies to judgments, and the Memorandum Opinion and Order (adopting the R&R and denying Haqq's

---

[1] "After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2).

[2] "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59.

[3] Cases prior to 2010 refer to a ten-day time limit. Rule 59 was amended effective December 1, 2009, increasing the time limit to twenty-eight days. *See Clayton v. Morillo*, No. CIV.A.3:09CV-P265S, 2010 WL 569839, at *1 (W.D. Ky. Feb. 12, 2010).

2255) was not a judgment for purposes of Rule 59(e).  *See* Fed. R. Civ. P. 59 Advisory Committee's Note ("The subdivision deals only with alteration or amendment of the *original judgment* in a case and does not relate to a judgment upon motion as provided in Rule 50(b)") (emphasis added); *Keith v. Bobby*, 618 F.3d 594, 598 (6th Cir. 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 611 (6th Cir. 2005)) ("As mandated by the language of Rule 59(e), a court must look to the date upon which the final order or judgment was entered to determine whether a Rule 59(e) motion is timely"); and *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832–33 (6th Cir. 1999) ("A Rule 59(e) motion relates to the underlying final judgment").

The Judgment was entered on December 10, 2019 [DE 78], and Haqq filed this Rule 59(e) motion on July 22, 2021 [DE 121].  Because Haqq's motion was not filed within the twenty-eight-day deadline, it is not timely, and the Court lacks jurisdiction to consider it.

Additionally, Haqq does not challenge the Judgment.  Instead, his motion contests the Order adopting the R&R and argues that this Court failed to properly review the R&R and his objections. Haqq's challenge is improper under Rule 59 for the reasons above and Haqq does not move under any other rule that provides a basis for this Court to reconsider its Order. The Court made a de novo determination of those portions of the R&R to which Haqq properly objected, in accordance with 28 U.S.C. § 636(b)(1).  [DE 120]; *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, the Court declines to otherwise construe Haqq's motion outside Rule 59(a)(2) and (e).

### III. CONCLUSION

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED that** Haqq's Motion [DE 121] is **DENIED** as set forth above.

Rebecca Grady Jennings, District Judge
United States District Court

October 25, 2021

Cc: Defendant, pro se

Counsel of record